Spear, J.
The real question in the case is, whether or not, under the petition, any right of action existed in the commissioners to recover for damages to the bridge ? That boards of county commissioners in Ohio have such powers, and such only, as are conferred by statute, and may maintain such actions, and such only, as are by statute authorized, is too well established to admit of controversy. So, in this case, we must look to the statutes for a determination of this question.
It is contended on the part of plaintiffs in error, that they have the right to maintain the action, because commissioners have, under sections 860, 863 and 4938, Revised Statutes, not only the general power to erect and maintain bridges in their *404 respective counties, but it is their duty to do so; and that if the language of section 863 is not broad enough to embrace a bridge, “ the property of the county,” then the special act of April 8, 1880, brings this particular bridge within the meaning of the sections referred to.
Section 863 provides that where a bridge on any state or county road, or any public building the property of, or under the control or supervision of any county, is injured or destroyed by any person or corporation, such person or corporation shall be subject to an action for damages, and the board of commissioners is authorized to sue and recover for such injury or impairment, and the money so recovered shall be appropriated by the commissioners to repairing such bridge, building or road, as the case may be, or to reimburse the county for expenditure in that behalf.
Two important features of this section will be noted: 1. As to bridges, its terms are confined to such as are located “ on any state or county road.” 2.. The money recovered is to be appropriated by the commissioners to the repair of such bridge, or to reimbursing the county for expenditures in that behalf.
Section 860 provides that “ the commissioners shall construct and keep in repair, all necessary bridges over streams and public canals on all state and county roads, free turnpikes, improved roads aud abandoned turnpikes and plank-roads, in common public use, except only in such cities and villages as by law have the right to demand and receive part of the bridge fund levied upon property within the same.”
Section 4938 provides that the commissioners of the several counties shall cause to be constructed and kept in repair, in the manner prescribed by law, all necessary bridges in villages and cities not having the right to demand and receive any portion of the bridge fund levied upon property within such corporation, on all state and county roads, free turnpikes, improved roads, transferred and abandoned turnpikes and plank roads, which are of general and public utility running into and through any such village or city.
It will be noted that the petition does not, in terms, describe a bridge upon any one of the roads enumerated in either *405 of these sections, nor can the court, sua sponte say that any one of these roads or turnpikes enumerated in the foregoing sections is the equivalent of a street in a city. So that, unless the fact that the bridge was built under authority of the act of April 8, 1880, makes it a county bridge, and brings it within the category of bridges upon county roads, it is manifest that the sections quoted can give no authority to the commissioners to keep this bridge in repair, or recover for damages to it. That act simply authorizes the commissioners to construct this bridge. There is no provision giving authority to repair, nor is there any authority to maintain an action for injury to it. Had those subjects been in the legislative mind at the time of the enactment of the statute, and had it been the purpose of the assembly to confer that authority, it seems reasonable to assume that clear language to that effect would have been used.
But if we were able to say that Market street may be treated as an improved road, or a turnpike, or a county road, still the exceptions contained in both sections 860 and 4938, confining their application to bridges in “ cities and villages not having the right to demand and receive any portion of the bridge fund levied upon property within such corporations,” would be fatal to a recovery in this case.. "We have, by statute, but two classes of cities both of which under section 2824 have the right to demand a portion of the bridge fund, and it follows that when this bridge is described as within the city of Youngstown, it is the equivalent of saying that it is within a city which may demand and receive a portion of the bridge fund, thus bringing it within the exceptions of the sections of the Revised Statutes referred to.
The purpose of the exception seems to be obvious. By section 2640, Revised Statutes, it is made the duty of the council to cause all bridges within the corporation to be kept open and in repair, and this requirement has no modification save as to those municipalities which cannot receive any portion of the bridge fund. In such, upon county roads, etc., the commissioners must keep the bridges in repair. The muncipality pays the whole of its tax raised for bridges into the county *406 bridge fund, and it is but fair that the county should keep up the county bridges. The other class, having control of a part of the taxes raised for the purpose, may fairly be required to keep the bridges within their limits in repair.
Arguendo, it may be added that section 863 contemplates that the money recovered from those committing injuries to bridges will be expended by the commissioners in repairs to the injured bridge, but as control of bridges in this municipal corporation is confided to the corporate authorities, the commissioners, if they should recover in this case, would seem to lack authority to apply the moneys recovered to repairs upon this bridge. Railroad Co v. Commissioners, 35 Ohio St. 9.
Perry County v. Railroad Co., 43 Ohio St. 451, is cited asan authority sustaining the position of plaintiff in error. In that case a bridge upon a county road, within the limits of a village, was destroyed, and this court held that the board of commissioners of the county was the proper party to bring an action to reimburse the county for expense incured by the board in re-building the bridge. The case is so wholly different from the case at bar that no comment is deemed necessary.
'Whether or not in this case the authorities of the city of Youngstown could maintain an action we are not called upon to discuss. It is not clear that they could, and the subject may well receive the attention of the general assembly.
The question made by the record is not as to a right to recover for trespass upon, or injury to, real estate, but simply, as stated at the outset, whether the commissioners can maintain an action for injuries to the bridge. We think they cannot.

Judgment affirmed.